Travis M. Wheeler (026415)
Sarah A. Brunswick (038432)
**BOWMAN AND BROOKE LLP**
2929 N. Central Avenue, Suite 1900
Phoenix, Arizona 85012
Tel: (602) 643-2300
Fax: (602) 248-0947
travis.wheeler@bowmanandbrooke.com
sarah.brunswick@bowmanandbrooke.com

John F. Weeks IV (*pro hac vice*)
Steven A. Vickery (*pro hac vice*)
**SMITH, GAMBRELL & RUSSELL, LLP**
1105 West Peachtree Street NE, Suite 1000
Atlanta, Georgia 30309
Tel: (404) 815-3500
Fax: (404) 815-3509
jweeks@sgrlaw.com
svickery@sgrlaw.com

*Attorneys for Defendant Taurus Holdings, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jeni Hurrle, as Guardian of and next kin of L.H., a minor, and Jeni Hurrle, as Special Administrator of the Estate of Valarie "Elise" Hurrle, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Taurus International Manufacturing, Inc., and Taurus Holdings, Inc.,<br><br>Defendants. | Case No.: 2:23-cv-02372-DGC<br><br>**DEFENDANT TAURUS HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM** |

Defendant Taurus Holdings, Inc. ("Holdings") submits this Reply Brief in support of its Motion to Dismiss the Complaint for lack of personal jurisdiction and for failure to state a claim, respectfully showing the Court the following:

///

///

*Introduction*

Plaintiff's response to Holdings's Motion to Dismiss ignores the fundamental flaws in her Complaint. In her Complaint, Plaintiff did not make any allegations to support personal jurisdiction over either Defendant. Plaintiff's response fares no better and continues to conflate Holdings with Taurus International Manufacturing, Inc. ("TIMI"), a company that Holdings owns. Plaintiff fails to show any relevant conduct purposefully directed to Arizona by Holdings. Therefore, Plaintiff could show personal jurisdiction over Holdings only by imputing another entity's jurisdictional contacts in Arizona to Holdings under a veil-piercing theory. Because Plaintiff does not—and cannot—state the elements for piercing the corporate veil under Georgia law, such as fraud and insolvency, her continued reliance on allegations of "connections" between Holdings and TIMI is misguided. Put plainly, Holdings is not subject to specific personal jurisdiction in this Court as shown by sworn evidence. Nothing in Plaintiff's response legitimately controverts that fact.

For these and the additional reasons stated in Holdings's Motion to Dismiss (Dkt. 14), the claims against Holdings should be dismissed.

**I.     Plaintiff overlooks her burden to establish personal jurisdiction.**

Plaintiff contends the Court "must" accept "the allegations in the Complaint as true." (Dkt. 16 at 6.) That is not the standard on a motion to dismiss for lack of personal jurisdiction. On such a motion, the Court "cannot 'assume the truth of allegations in a pleading which are contradicted by affidavit.'" *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022). Holdings attached to its motion to dismiss and relied on the Declaration of Bret Vorhees (hereinafter, "Vorhees Declaration" or "Decl.") (Dkt. 14 at 17-46, Ex. 1). Plaintiff's response almost completely ignores the Vorhees Declaration. Plaintiff cites the Vorhees Declaration once for the (insignificant) fact that Mr. Vorhees is the CEO of TIMI and Holdings and misconstrues paragraph 13 of the Vorhees Declaration three times when Plaintiff makes the unsupported allegation that Holdings and TIMI—not TIMI alone as clearly stated in the Vorhees Declaration—sold the Subject Pistol to a federally licensed distributor in Louisiana. (*See* Dkt. 16 at 4, 5, 6, 10.)

1    Plaintiff never disputes the specific evidence in the Vorhees Declaration. The Declaration
2    of Libardo Enrique Jaramillo never specifically mentions Holdings, and it does not contradict
3    the evidence in the Vorhees Declaration in any way. Plaintiff's printouts from the website for
4    TIMI show a map that can identify places nationwide, including in Arizona, where Taurus-brand
5    firearms may be purchased. But that map and the other printouts from TIMI's website do not
6    show any jurisdictional contacts by Holdings in Arizona, and they do not contradict any of the
7    facts about TIMI or Holdings in the Vorhees Declaration. Thus, the relevant uncontroverted
8    record of jurisdictional contacts in this case is the Vorhees Declaration, not any of the conclusory
9    allegations in the Complaint or Plaintiff's response. *See Cont'l Motors*, 22 F. 4th at 858.

**II.    The Court lacks personal jurisdiction over Holdings.**

Plaintiff must separately establish personal jurisdiction over each Defendant. TIMI did not move to dismiss for lack of personal jurisdiction, while Holdings did file such a motion.

Plaintiff's Complaint lacked any allegations regarding personal jurisdiction. In her response, Plaintiff now concedes there is no general personal jurisdiction in Arizona over TIMI or Holdings. (Dkt. 16 at 3 n.1.) To properly contest Holdings's motion to dismiss, Plaintiff had to establish specific personal jurisdiction over Holdings either by showing (1) Holdings purposefully directed relevant activities at Arizona, or (2) another entity purposefully directed relevant activities at Arizona and those jurisdictional contacts may be imputed to Holdings. Instead, Plaintiff's response attempts to forge a third path to personal jurisdiction over Holdings. Plaintiff argues TIMI and Holdings "share the same Arizona contacts." (Dkt. 16 at 5.) That argument is unsupported by the record and legally flawed. Because Holdings has no contacts with Arizona, there is no evidence supporting such an argument, and there is no legal basis for Plaintiff's invented theory that companies simply share jurisdictional contacts.

**A.    Plaintiff does not separately show specific jurisdiction over Holdings.**

As a threshold matter, Plaintiff's response makes the same mistake as the Complaint: it groups the Defendants together and fails to undertake an individualized jurisdictional analysis for each Defendant. To carry her burden of establishing personal jurisdiction, a plaintiff "must make a prima facie showing of jurisdictional facts giving rise to specific jurisdiction over each

defendant separately." *Seldin v. HSN, Inc.*, No. 17-CV-2183-AJB-MDD, 2018 WL 3570308, at *9 (S.D. Cal. July 25, 2018) (quoting *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 848 (N.D. Cal. 2018)). Plaintiff does not cite any legal authority to support an "alter ego" exception to this rule, and Ninth Circuit precedent clearly holds that "each party's contacts with the forum state must be assessed individually." *In re Boon Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019) (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984)). Thus, Holdings should be dismissed because the Complaint and opposition both ignore the requirement that personal jurisdiction be shown for each Defendant.

Even leaving aside the improper lumping together of Holdings and TIMI, there are no allegations about Holdings in Plaintiff's Complaint, Plaintiff's response, the Declaration of Libardo Jaramillo, or the printouts from TIMI's website that show conduct by Holdings (not TIMI) that satisfies the "purposeful direction" test for specific jurisdiction. Courts use the "purposeful direction" analysis where the claims sound in tort, as they do here. *Briskin v. Shopify, Inc.*, 87 F.4th 404, 412 (9th Cir. 2023). "Purposeful direction" requires that the defendant have (1) committed an intentional act, that was (2) "expressly aimed" at the forum state, and (3) caused harm that the defendant knows is likely to be suffered in the forum state. *Id.*

Simply put, there are no allegations that Holdings directed any conduct at Arizona with respect to the Subject Pistol, which was sold by TIMI to an unrelated distributor in Louisiana, or any other firearm. (Dkt. 14 at 20, Decl. ¶ 13.) Holdings "does not design, import, manufacture, assemble, test, package, ship, label, advertise, promote, market, warrant, or repair firearms in any way." (*Id.* ¶ 14.) Anywhere. As shown by the Vorhees Declaration, Holdings further has no offices in Arizona or contacts with Arizona that could support specific personal jurisdiction over it. (Dkt. 14 at 19-21, Decl. ¶¶ 5, 22-23.) Plaintiff failed to produce any evidence challenging these facts. The one declaration submitted by Plaintiff never mentions Holdings. (*See* Dkt. 16-1.) Indeed, nothing in the Declaration of Libardo Enrique Jaramillo or the printouts from TIMI's website contradicts the specific facts in the Vorhees Declaration. (*See* Dkt. 16-1.) Nor can they.

1    Plaintiff sidesteps these straightforward facts that defeat an argument for specific
2 jurisdiction over Holdings. Misleadingly citing the Vorhees Declaration, Plaintiff contends that
3 "Taurus" (*i.e.*, Holdings and TIMI) marketed and distributed the Subject Pistol. In fact, the
4 Vorhees Declaration makes clear that only TIMI marketed the Subject Pistol model and
5 distributed the Subject Pistol. Plaintiff's unsworn and unsupported contentions about Holdings,
6 including that Holdings distributes firearms and that an unrelated company in Louisiana "has
7 essentially agreed to serve as the agent for [TIMI and Holdings]" (Dkt. 16 at 12), must be
8 rejected because they are directly contradicted by the Vorhees Declaration. *See Cont'l Motors*,
9 22 F. 4th at 858. At times even Plaintiff's Complaint admits that TIMI (rather than Holdings)
10 distributes firearms, such as the Subject Pistol, and "the website of Defendant TIMI" contains
11 the Instruction Manual and Limited Warranty for the Subject Pistol model. (Compl. ¶¶ 15, 28.)
12 In conclusion, Plaintiff does not have any evidence showing Holdings purposefully directed
13 relevant activities at Arizona.
14    Plaintiff's reliance on *Herbal Brands* misses the mark. *Herbal Brands* does not address
15 imputing jurisdictional contacts from one entity to another, an argument not raised by Plaintiff
16 but discussed below for completeness. *See Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th
17 1085 (9th Cir. 2023), *cert. denied*, No. 23-504, 2024 WL 218786 (U.S. Jan. 22, 2024). At best,
18 *Herbal Brands* relates to personal jurisdiction over TIMI but not Holdings because the record
19 is clear that Holdings does not market or distribute firearms.
20    *Herbal Brands* and a subsequent Ninth Circuit case recognize it as "well settled" that
21 "[m]ere passive operation of a website is insufficient to demonstrate express aiming" *Briskin*,
22 87 F.4th at 417 (quoting *Herbal Brands*, 72 F.4th at 1091). Plaintiff's website printout merely
23 shows TIMI has a passive website. The Ninth Circuit expressly withheld ruling on the question
24 of "whether the outcome would be different if a defendant did not sell directly to consumers
25 but instead sold its products to a third party with no knowledge of that third party's intent to
26 sell into a particular forum." *Herbal Brands*, 72 F.4th at 1095. That might be a question here if
27 TIMI had moved to dismiss for lack of personal jurisdiction. Unlike the defendant in *Herbal*
28 *Brands,* TIMI does not sell directly to consumers. But the Court need not reach that issue

because Holdings does not make, buy, sell, or market firearms. As discussed below, any contacts TIMI may have with Arizona through its website or indirectly through selling firearms to wholesale distributors in various states cannot be imputed to Holdings.

### B. Plaintiff fails to show Arizona contacts that can be imputed to Holdings.

As shown above, Plaintiff fails to carry her burden to show specific jurisdiction over Holdings under the "purposeful direction" test for Holdings's conduct. Therefore, the only conceivable way Plaintiff could show personal jurisdiction over Holdings is by showing TIMI has jurisdictional contacts in Arizona and imputing those contacts to Holdings. Even if Plaintiff showed personal jurisdiction over TIMI, Plaintiff fails to show TIMI's jurisdictional contacts may be imputed to Holdings.

Plaintiff never expressly addresses the theory of imputing jurisdictional contacts from one entity to another. Plaintiff does not attempt to distinguish the personal jurisdiction cases Holdings cited or show that such limited circumstances have been met here. (*See* Dkt. 14 at 12 nn.5 & 6.) Tellingly, Plaintiff does not cite a single case finding specific jurisdiction based on imputing jurisdictional contacts from one company to another. Moreover, as set forth in Holdings's Motion to Dismiss, Plaintiff failed to allege the elements for a veil-piercing theory under Georgia law. (Dkt. 14 at 8-13.) In her response, Plaintiff does not cite or address the elements for piercing the corporate veil under Georgia law, which is required to impute jurisdictional contacts from TIMI to Holdings.

In sum, Plaintiff does not argue TIMI has relevant jurisdictional contacts in Arizona that may be imputed to Holdings, so the Court need not even reach that argument for personal jurisdiction over Holdings. But, for completeness's sake, Holdings addresses this issue.

The Ninth Circuit admiralty case cited by Plaintiff does not address personal jurisdiction, imputing jurisdictional contacts, or Georgia law on piercing the corporate veil. *See Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893 (9th Cir. 2021). Applying Ninth Circuit precedent, *Pacific Gulf Shipping* affirms the District of Oregon's decision that an arbitral award could not be enforced under an alter-ego theory because the plaintiff failed to

show total domination of the subservient corporation and use of the subservient corporation for a fraudulent purpose. *Id.* at 898.

Plaintiff does not argue why Ninth Circuit law would apply rather than Georgia law for piercing the corporate veil between Holdings and TIMI. Even if the Court applied the Ninth Circuit's veil-piercing law instead of Georgia law, Plaintiff fails to state the elements for piercing the corporate veil under Plaintiff's own admiralty case. According to *Pacific Gulf Shipping*, the elements for piercing the corporate veil under Ninth Circuit precedent generally include: (1) total domination, (2) injustice will result from recognizing the entities as separate, and (3) the controlling entity had a fraudulent intent. *Id.* at 898. Plaintiff's allegations of "connections" between TIMI and Holdings, such as having the same CEO and address, stand for little more than the fact that Holdings owns TIMI. (Dkt. 16 at 6-7.) Those "connections" do not bear on the issue of total domination and fraud.

In the context of personal jurisdiction, "the veil separating affiliated entities" may only be pierced in "certain limited circumstances." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1071 (9th Cir. 2015). Ninth Circuit precedent clearly holds that "[t]he existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." *Id.* at 1070. Shared management is not enough. *Id.* at 1073. Plaintiff's selected quotations from marketing materials and webpages about the Taurus brand have nothing to do with the elements of piercing the corporate veil, such as total domination, fraud, or insolvency.

In conclusion, whether the Court applies the Ninth Circuit veil-piercing standard or Georgia law, Plaintiff has failed to state the elements for piercing the corporate veil, and TIMI's contacts with Arizona, if any, cannot be imputed to Holdings. Personal jurisdiction does not exist over Holdings in this Court.

**III.   Plaintiff's request for jurisdictional discovery should be denied.**

Plaintiff's passing request for jurisdictional discovery is based on a hunch about what it might show about activities performed by TIMI and how Defendants observe corporate formalities. (Dkt. 16 at 17.) Plaintiff does not make any showing that discovery would produce

facts establishing personal jurisdiction over Holdings specifically. While incorrectly referring to both Defendants, Plaintiff argues she needs jurisdictional discovery to "ascertain the exact number of warranty repair claims in [Arizona]" (*Id.* at 11); "to discern where one entity begins and the other ends" (*Id.* at 6); and "how the Taurus entities interact and overlap." (*Id.* at 16.)

Plaintiff is not entitled to jurisdictional discovery where she cannot plead the basic facts giving rise to personal jurisdiction over Holdings. "Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery[.]" *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)). A mere "'hunch that discovery might yield jurisdictionally relevant facts'" is an "insufficient reason[] for a court to grant jurisdictional discovery." *Cont'l Motors, Inc.*, 22 F.4th at 865 (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).

The jurisdictional discovery Plaintiff seeks does not address facts relevant to showing personal jurisdiction over Holdings. The "number of warranty repair claims" in Arizona has nothing to do with Holdings. "The limited warranties covering Taurus-branded firearms are offered by and honored by TIMI." (Vorhees Declaration, Dkt. 14 at 21, ¶ 21.) Moreover, TIMI does not perform any warranty work in Arizona. (*Id.* at ¶ 29.) Plaintiff's request for discovery about the relationship or "overlap" between TIMI and Holdings "would not reveal facts sufficient to constitute a basis for either general or specific personal jurisdiction" over Holdings because the requested discovery does not address the exceptional circumstances, such as fraud and insolvency, that are required to pierce the corporate veil under Georgia law. *See Sutcliffe v. Honeywell Int'l, Inc.*, No. CV-13-01029-PHX-PGR, 2015 WL 1442773, at *10 (D. Ariz. Mar. 30, 2015) (denying "jurisdictional discovery related to the internal relationships among the various Airbus-related entities"). Further, Plaintiff's discovery requests are not based on an affidavit or other evidence, so her belief about what discovery might show is insufficient in the face of the specific evidence in the Vorhees Declaration that TIMI and Holdings are separate corporations and observe corporate formalities. *See Armstrong v. Gen. Motors LLC*, No. CV-

20-00284-PHX-DLR, 2020 WL 8024424, at *3 (D. Ariz. Oct. 29, 2020) (denying jurisdictional discovery where plaintiff merely "briefly speculate[s]" and "postulates" that defendant "might not have followed all the corporate formalities").

**IV.     Plaintiff ignores the elements of piercing the corporate veil under Georgia law.**

Even if there were personal jurisdiction over Holdings, the claims against Holdings should be dismissed for failure to state a claim. In her response to TIMI's motion to dismiss, Plaintiff "consents" to the dismissal of her claims for breach of express warranty (Count II) and breach of implied warranty (Count III). (Dkt. 17 at 9; Dkt. 16 at 16.) For the reasons explained in TIMI's separate motion to dismiss and reply in support thereof, which Holdings incorporates by reference, the negligent misrepresentation count (Count VII) and the veil-piercing counts (Counts VIII, IX, and X, as well as the Unnumbered Count) should be dismissed. Holdings writes separately to address additional reasons why the entirety of Plaintiff's Complaint fails to state a claim against Holdings.

In response to Holdings's shotgun-pleading argument, Plaintiff acknowledges that the only way her Complaint could state a claim against Holdings is under a veil-piercing theory, yet Plaintiff does not cite a single case on the elements of piercing the corporate veil under Georgia law. (Dkt. 16 at 15-16.) Furthermore, Plaintiff does not attempt to distinguish any of the Georgia case law cited by Holdings. Plaintiff does not allege that TIMI is undercapitalized, failed to observe corporate formalities, or has nonfunctioning officers/directors. *See Kissun v. Humana, Inc.*, 479 S.E.2d 751, 753 (Ga. 1997). Neither has Plaintiff alleged the "precondition" of TIMI's insolvency. *See Perry v. Unum Life Ins.,* 353 F. Supp. 2d 1237, 1240 (N.D. Ga. 2005). Put simply, Plaintiff has failed to allege veil-piercing under Georgia law, as she must for Holdings to be liable.

As with Plaintiff's argument on personal jurisdiction, Plaintiff relies on an admiralty opinion on the Ninth Circuit's test for piercing the corporate veil. (Dkt. 16 at 16 (citing *Pac. Gulf Shipping*, 992 F.3d at 898).) But as set forth in Holdings's Motion to Dismiss, Georgia law applies to the piercing the corporate veil of Georgia corporations. (Dkt. 14 at 9-10.) Plaintiff does not dispute that point.

Even if Ninth Circuit law applied (and it does not), Plaintiff's Complaint does not plead the elements for piercing the corporate veil under *Pacific Gulf Shipping*, which holds that veil-piercing requires total domination, injustice, and fraud. 992 F.3d at 898. Apparently recognizing this pleading defect, Plaintiff's response does not point to any plausibly alleged facts in the Complaint but requests discovery. (Dkt. 16 at 16.) Thus, Plaintiff fails to state any claim against Holdings.

### *Conclusion*

For the foregoing reasons, and for those reasons in Holdings's Motion to Dismiss, the Court should dismiss all of Plaintiff's claims against Holdings with prejudice for lack of personal jurisdiction, or, in the alternative, for failure to state a claim. Plaintiff's request for jurisdictional discovery should be denied.

Respectfully submitted, this 6th day of February, 2024.

BOWMAN AND BROOKE LLP

By:/s/Travis M. Wheeler_____
  Travis M. Wheeler
  Sarah A. Brunswick
  2929 N. Central Avenue, Suite 1900
  Phoenix, Arizona 85012

  John F. Weeks IV (*pro hac vice*)
  Steven A. Vickery (*pro hac vice*)
  SMITH, GAMBRELL & RUSSELL, LLP
  1105 West Peachtree Street NE, Suite 1000
  Atlanta, Georgia 30309

  *Attorneys for Defendant Taurus Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Paul E. Deloughery
SUDDEN WEALTH PROTECTION LAW, PLC
7600 N. 15th Street, Suite 150
Phoenix, AZ 85020
info@suddenwealthprotectionlaw.com

M. Todd Wheeles (Admitted Pro Hac Vice)
Matthew G. Garmon (Admitted Pro Hac Vice)
WHEELES & GARMON, ATTORNEYS AT LAW
3000 Riverchase Galleria, Suite 905
Birmingham, AL 35244
todd@wheelesgarmonattorneys.com
matt@wheelesgarmonattorneys.com

*Attorneys for Plaintiff*

 /s/Jeannette Felix
 An Employee of Bowman and Brooke LLP