**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeni Hurrle, as Guardian of and next kin of L.A.H., a minor, and as Special Administrator of the Estate of Valerie "Elise" Hurrle, deceased,<br><br>                    Plaintiff,<br><br>v.<br><br>Taurus International Manufacturing, Inc.; and Taurus Holdings, Inc.,<br><br>                    Defendants. | No. CV-23-02372-PHX-DGC<br><br>**ORDER** |

Plaintiff Jeni Hurrle, on behalf of the estate of her deceased sister, Valerie Elise Hurrle ("Elise"), and Elise's minor child, L.A.H., has filed a complaint against Defendants Taurus International Manufacturing, Inc. ("TIMI") and Taurus Holdings, Inc. ("Holdings"). Doc. 1. Pursuant to Federal Rule of Civil Procedure 12(b)(6), TIMI has filed a motion to dismiss certain counts for failure to state a claim for relief. Doc. 12. Pursuant to Rule 12(b)(2) and (6), Holdings has filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim for relief. Doc. 14. The motions are fully briefed and no party requests oral argument. For reasons stated below, the Court will grant in part and deny in part TIMI's motion and grant Holdings' motion with respect to the lack of personal jurisdiction.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**I.     Background.**

Plaintiff's complaint contains the following allegations.  Elise worked as a cashier at a convenience store in Mesa, Arizona.  Doc. 1 ¶ 17.  She carried a Taurus GX4 pistol, serial number 1GA67361 ("the pistol"), for personal protection.  *Id.* ¶ 6, 16.  Enrique Jaramillo was the original purchaser of the pistol.  *Id.* ¶ 7, 16.  He bought the pistol new from Sportsman's Warehouse on or about February 1, 2022.  *Id.*

During a work shift on April 7, 2023, Elise accidentally dropped the pistol, in its holster, while attempting to attach the holster to her waistband.  *Id.* ¶ 17.  The pistol fired when it hit the ground, and the bullet struck Elise in the neck, causing her death.  *Id.* ¶¶ 6, 17-18.  The pistol fired unintentionally due to a "drop-fire" safety defect in which the trigger moves rearward when the pistol is dropped or subjected to an impact.  *Id.* ¶¶ 6, 9.

The complaint alleges ten claims: negligence (count one); breach of express warranty and implied warranty of merchantability (counts two and three); strict liability manufacturing defect, design defect, and failure to warn (counts four, five, and six); negligent misrepresentation (count seven); and vicarious liability under actual agency, apparent agency, and joint venture theories (counts eight, nine, and ten).  *Id.* ¶¶ 21-79.  In what appears to be an unnumbered count, the complaint alleges that TIMI and Holdings' conduct combined and concurred to cause Elise's death.  *Id.* at 22, ¶ 80.

**II.    TIMI's Motion to Dismiss for Failure to State a Claim for Relief.**

      **A.     Rule 12(b)(6) Standard.**

Rule 12(b)(6) allows a defendant to challenge the factual and legal sufficiency of a claim before discovery.  A complaint that pleads a cognizable legal theory will survive Rule 12(b)(6) review if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see Twombly*, 550 U.S. at 555 (surviving a Rule 12(b)(6) motion "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

### B. Discussion.

TIMI moves to dismiss the breach of express and implied warranty claims in counts two and three, the negligent misrepresentation claim in count seven, the vicarious liability claims in counts eight, nine, and ten, and the unnumbered count for "combining and concurring conduct." Doc. 12.

### 1. Breach of Warranty (Counts Two and Three).

TIMI contends that the breach of warranty claims should be dismissed for lack of privity and by the terms of the limited warranty. *Id.* at 6-7. Specifically, TIMI argues that the warranty claims fail because there is no contractual privity between TIMI and Mr. Jaramillo, who purchased the pistol from Sportsman's Warehouse, or TIMI and Elise, who obtained the pistol secondhand from Mr. Jaramillo. *Id.* (citing *Flory v. Silvercrest Indus., Inc.*, 633 P.2d 383, 387 (Ariz. 1981) (holding that lack of privity in the chain of distribution precluded recovery on breach of express and implied warranty claims); *Yee v. Nat'l Gypsum Co.*, No. CV-09-8189-PHX-DGC, 2010 WL 2572976, at *2 (D. Ariz. June 22, 2010) (dismissing implied warranty claim against a manufacturer where the consumer purchased the product from an independent retailer)). TIMI further argues that the express warranty claim fails because the warranty is limited by its terms to the original purchaser. *Id.* at 7 (citing *Chaurasia v. Gen. Motors Corp.*, 126 P.3d 165, 169 (Ariz. Ct. App. 2006) (holding that there is no cause of action for breach of a limited warranty unless the consumer shows that the manufacturer did not comply with the warranty's express terms)).

Plaintiff consents to the dismissal of the breach of express warranty claim because the warranty is limited to original purchasers and Elise was not the original purchaser of the pistol. Doc. 17 at 9. Plaintiff also consents to the dismissal of the breach of implied

warranty claim, noting that such claims have merged into the doctrine of strict liability under Arizona law.  *Id.* (citing *Amaya v. Future Motion Inc.*, No. CV-21-08243-PCT-MTL, 2022 WL 17976319, at *2 (D. Ariz. Dec. 28, 2022) ("Arizona law provides that 'the theory of liability under implied warranty has been merged into the doctrine of strict liability.'") (citation omitted); *see also Flory*, 633 P.2d at 388 ("In Arizona[,] we have recognized that an action styled as 'breach of implied warranty' to recover damages for physical injury to person or property is in essence an action based on strict liability in tort[.]") (citations omitted).

The Court will dismiss the breach of warranty claims asserted in counts two and three.  Doc. 1 ¶¶ 27-35.

### 2.    Negligent Misrepresentation (Count Seven).

Arizona recognizes the tort of negligent misrepresentation, which is defined by Restatement (Second) of Torts § 552:

**§ 552.  Information Negligently Supplied for the Guidance of Others**

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) [T]he liability stated in Subsection (1) is limited to loss suffered

(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

*St. Joseph's Hosp. & Med. Ctr. v. Reserve Life Ins. Co.*, 742 P.2d 808, 813 (Ariz. 1987) (quoting Restatement § 552).  "Liability for negligent misrepresentation is narrow in scope because it is premised on the reasonable expectations of a foreseeable user of

information supplied in connection with commercial transactions." *Id.* at 813-14 (citing Restatement § 552 cmt. a).

To assert a viable negligent misrepresentation claim, Plaintiff must allege that: (1) Defendants provided Elise with false or incorrect information or failed to disclose material information; (2) Defendants intended, or could reasonably foresee, that Elise would rely on the information and provided it for that purpose; (3) Defendants failed to exercise reasonable care in obtaining or communicating the information; (4) Elise relied on the information; (5) her reliance was justified; and (6) damage resulted. *See id.*; *Richardson v. Wright Med. Tech. Inc.*, No. CV-21-00594-PHX-SMB, 2021 WL 5998517, at *2 (D. Ariz. Dec. 17, 2021) (citing *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 340 P.3d 405, 412 n. 7 (Ariz. Ct. App. 2014)); RAJI (CIVIL) 7th Commercial Torts 23 (setting forth the elements of a negligent misrepresentation claim).

The parties agree that the negligent misrepresentation claim must meet the heightened pleading standard of Rule 9(b).  Docs. 12 at 4, 17 at 4-5; *see Richardson*, 2021 WL 5998517, at *2 ("A claim for negligent misrepresentation must meet the particularity requirements of Rule 9(b)."); *Sweeney v. Darricarrere*, No. 2:09-CV-00266-JWS, 2009 WL 2132696, at *12 (D. Ariz. July 14, 2009) ("Both fraud and negligent misrepresentation must meet the heightened pleading standard of Rule 9(b)."); *Zanelli v. Medtronic, Inc.*, No. SACV 23-02356-CJC (ADSx), 2024 WL 1841671, at *4 (C.D. Cal. Apr. 19, 2024) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet [Rule] 9(b)'s particularity requirements[.]") (citations omitted).  The complaint therefore "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  The complaint must specify "the who, what, when, where, and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003).

TIMI argues that the negligent misrepresentation claim does not specify when or how the alleged misrepresentations were made to Elise.  Doc. 12 at 4-5.  The Court agrees.

The complaint identifies several alleged misrepresentations from the pistol's manual and limited warranty (*see* Doc. 1 ¶ 56), but does not allege when or how such statements were made to Elise.  Plaintiff asserts that, at a minimum, the statements were made to Elise when Jaramillo "gave Elise her pistol, with the Taurus documentation, in Mesa, Arizona on or about February 2022."  Doc. 17 at 6 (citing Doc. 1 ¶¶ 7, 16).  But this factual assertion is not found in the complaint.  Paragraphs 7 and 16 concern Jaramillo's purchase of the pistol, but include no allegation that he gave the pistol and its documentation to Elise.  *See* Doc. 18 at 3.

In deciding TIMI's motion to dismiss, the Court cannot "consider new allegations raised in [Plaintiff's] response that have no basis in the complaint."  *Microsoft Corp. v. Atmel Corp.*, No. C20-1216JLR, 2021 WL 535126, at *3 (W.D. Wash. Feb. 12, 2021); *see Hastings v. BAC Home Loans Servicing*, No. CV 12-0051-TUC-JGZ, 2012 WL 13019522, at *3 (D. Ariz. June 15, 2012) ("[A] court may not consider contentions alleged for the first time in a response to a motion to dismiss."); *Sobh v. Phoenix Graphix Inc.*, No. CV-18-04073-PHX-DWL, 2019 WL 3973697, at *3 (D. Ariz. Aug. 22, 2019) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted); *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Plaintiff's complaint "comes up short of what is required to plead a negligent misrepresentation claim with particularity [because it] fails to allege the time, place, [and] method of transmission [of] the misrepresentations."  *Richardson*, 2021 WL 5998517, at *3; *see Murrell v. Wyeth, Inc.*, No. CV-13-0290-PHX-DGC, 2013 WL 1882193, at *7 (D. Ariz. May 3, 2013) ("[I]it is not clear from the complaint which, if any, of the alleged

6

misrepresentations Mrs. Murrell or her doctors saw and relied on, or when and where they did so.  Such general allegations are insufficient to state a claim under Rule 9(b).");  *Mills v. Bristol-Myers Squibb Co.*, No. CV 11-00968-PHX-FJM, 2011 WL 4708850, at *4 (D. Ariz. Oct. 7, 2011) (same).

The Court will dismiss the negligent misrepresentation claim in count seven.  Doc. 1 ¶¶ 56-61.[1]

### 3. Vicarious Liability (Counts Eight, Nine, and Ten).

Counts eight, nine, and ten allege that Holdings is vicariously liable for the damages caused by TIMI's alleged misconduct.  Doc. 1 ¶¶ 62-79.  They assert that Holdings was the owner of TIMI with the right to exercise extensive and continuous control over its operations.  *Id.* ¶¶ 62, 62, 67, 75.  They further allege that an actual or apparent agency relationship existed between the two entities and that the entities engaged in a joint venture to manufacture and sell firearms.  *Id.* ¶¶ 62-63, 67-68, 76.

TIMI contends that these "veil-piercing" counts must be dismissed because they are not independent causes of action.  Doc. 12 at 8 (citing *Perry v. Unum Life Ins. Co. of Am.*, 353 F. Supp. 2d 1237, 1239 n.2 (N.D. Ga. 2005) (noting that "there is no independent cause of action in Georgia for 'engaging in a joint venture' or 'acting as an alter ego'"); *In re Elegant Custom Homes, Inc.*, No. CV06-2574-PHX-DGC, 2007 WL 1412456, at *5 (D. Ariz. May 14, 2007) (finding that "alter ego" and "veil piercing" are not independent causes of action)).  But TIMI cites no legal authority suggesting that veil piercing cannot be pled in a separate count as a derivative claim tied to some other substantive cause of action.  *See Specialty Cos. Grp., LLC v. Meritage Homes of Ariz., Inc.*, 492 P.3d 308, 310 (Ariz. 2021) (explaining that veil piercing and alter ego claims "are derivative of another cause of action"); *Glamour Dolls Inc. v. Lisa Frank Inc.*, No. CV-21-00228-TUC-SHR, 2022 WL 3098042, at *13 (D. Ariz. Aug. 4, 2022) ("Under

---

[1] Given this ruling, the Court need not address TIMI's alternative argument that negligent misrepresentation claims are economic torts not legally viable in personal injury actions.  Doc. 12 at 5-6.

Arizona law, alter ego is . . . a derivative claim tied to some other substantive cause of action such as ones based on contract or tort."); *Farmers Ins. Co. of Ariz. v. DNS Auto Glass Shop LLC*, No. CV-21-01390-PHX-DGC, 2022 WL 845191, at *2 (D. Ariz. Mar. 22, 2022) (explaining that where the "plaintiffs have brought substantive claims upon which to base alter-ego liability, courts have allowed alter ego to be pled as a separate count.").

Here, the claims asserting Holdings' vicarious liability are tied to the substantive claims for negligence and strict liability. *See* Doc. 17 at 11. The Court will deny TIMI's motion with respect to counts eight, nine, and ten. *See Wolf Designs LLC v. Five 18 Designs LLC*, 635 F. Supp. 3d 787, 801 (D. Ariz. 2022) ("Plaintiff's complaint includes substantive claims for which alter ego may be an available theory to hold Defendant Maxwell derivatively liable. The Court will interpret Count 5 (alter ego) as a theory of liability rather than an independent cause of action, and will not dismiss the count merely because it is pled separately.").[2]

### 4.   Combining and Concurring Conduct.

The complaint concludes by alleging that the conduct of Defendants "combined and concurred" to cause Elise's death. Doc. 1 ¶ 80. Plaintiff does not address this issue in her response, arguing only that the vicarious liability claims asserted in counts eight, nine, and ten survive dismissal. Doc. 17 at 10-11. The Court will grant TIMI's motion with respect to "combining and concurring conduct." Docs. 12 at 8, 18 at 4.

### III.   Holdings' Motion to Dismiss for Lack of Personal Jurisdiction.

### A.   Rule 12(b)(2) Standard.

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating that the court has jurisdiction

---

[2] In its reply, TIMI contends that even if the veil-piercing counts can be construed as theories of Holdings' derivative liability, that cannot be a basis for a derivative claim against TIMI, the alleged tortfeasor. Doc. 18 at 4. But Plaintiff does not assert the veil-piercing counts against TIMI. Rather, Plaintiff seeks to hold "Holdings vicariously liable for the death, damages, and losses that resulted from the . . . acts or omissions of [TIMI]." Doc. 1 ¶¶ 66, 74, 79.

over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). The plaintiff "need only make a prima facie showing of jurisdictional facts" when the court's determination is based on written materials rather than an evidentiary hearing. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citation omitted). That is, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

A court's authority to exercise jurisdiction over a defendant consistent with due process "depends on the defendant having such contacts with the forum State that 'the maintenance of the suit is reasonable . . . and does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945) (cleaned up)). This inquiry "has long focused on the nature and extent of 'the defendant's relationship to the forum state.'" *Id.* (quoting *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017)). That relationship may permit "two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Id.*

General jurisdiction depends on the defendant's relationship with the forum state. For corporations, the question is whether the defendant is incorporated, headquartered, or otherwise "at home" there. *Id.*

Specific jurisdiction depends on the relationship between "the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). "[S]pecific jurisdiction covers defendants that are less intimately connected with a state, but that have sufficient minimum contacts with the state that are relevant to the lawsuit." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022). The Ninth Circuit has "established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege

of conducting activities in the forum, thereby invoking the benefits and
protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's
forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial
justice, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The
plaintiff bears the burden of satisfying the first two prongs of the test." *Id.*

>    **B.    Discussion.**

>        **1.    The Complaint Does Not Allege Personal Jurisdiction.**

The complaint properly asserts that the Court has subject matter jurisdiction under
28 U.S.C. § 1332(a) because Plaintiff is a citizen of Arizona, TIMI and Holdings are
Georgia corporations headquartered in Georgia, and the amount in controversy exceeds
$75,000.  Doc. 1 ¶¶ 1-2, 4.  But the complaint contains no allegations from which Court
can conclude that it has personal jurisdiction over Holdings.  Plaintiff notes that the
complaint alleges that "Defendants are so intertwined contractually for each other's
liabilities that they are essentially one entity" (Docs. 1 ¶ 3, 16 at 5), but this says nothing
about their contacts with Arizona, the forum state.

Holdings notes, correctly, that the complaint groups TIMI and Holdings together,
referring to these separate entities collectively as the "Taurus Defendants."  Doc. 14 at 4
(citing Doc. 1 ¶ 2).  The law in this Circuit "is clear that allegations of 'jurisdiction over
each defendant must be established individually."  *Seldin v. HSN, Inc.*, No. 17-CV-2183-
AJB-MDD, 2018 WL 3570308, at *8 (S.D. Cal. July 25, 2018) (quoting *Sher v. Johnson*,
911 F.2d 1357, 1365 (9th Cir. 1990)); *see In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th
Cir. 2019) (explaining that "each party's 'contacts with the forum state must be assessed
individually") (citation omitted).  Thus, "Plaintiff's grouping of the Defendants together
to establish personal jurisdiction . . . is inadequate."  *Seldin*, 2018 WL 3570308, at *8; *see
Skurkis v. Montelongo*, No. 16-CV-0972 YGR, 2016 WL 4719271, at *4 (N.D. Cal. Sept.

9, 2016) (explaining that personal jurisdiction must be determined "as to each defendant based on each defendant's own contacts with [the forum state]," and finding that the plaintiffs failed to meet their burden where "the jurisdictional allegations of the [complaint] group all defendants together").

The complaint alleges that "many individuals who work on designing, manufacturing, engineering, testing, inspecting, marketing, importing, distributing, supplying, and/or selling Taurus pistols . . . are employees of both TIMI and . . . Holdings." Doc. 1 ¶ 3. But this allegation is not sufficient to show that TIMI and Holdings had the requisite minimum contacts with Arizona. And Plaintiff offers no evidence in support of the allegation. *See* Doc. 16 at 7. Holdings, by contrast, presents uncontroverted testimony from its CEO, Bret Vorhees, that Holdings does not have a federal firearms license and therefore "cannot and does not design, import, manufacture, assemble, test, package, ship, label, advertise, promote, market, warrant, or repair firearms in any way." Doc. 14 at 19-20.

### 2.    General Jurisdiction Does Not Exist.

Plaintiff concedes that general jurisdiction does not exist because TIMI and Holdings are Georgia corporations with their principal place of business in Georgia. *See* Docs. 12 at 5-6, 16 at 3 n.1.

### 3.    Plaintiff Has Made No Showing of Specific Jurisdiction.

#### a.    Purposeful Availment and Direction.

A plaintiff can prove the first prong of the specific jurisdiction test by showing either "purposeful availment" or "purposeful direction." *Schwarzenegger*, 374 F.3d at 802. "Although the Ninth Circuit typically applies purposeful direction analyses to intentional tort claims and purposeful availment analyses to contract and unintentional tort claims, there is no 'rigid dividing line between these two types of claims.'" *First Way Transp. LLC v. Rebel Auction Co. Inc.*, No. CV-23-00393-TUC-SHR, 2024 WL 2863467, at *3 (D. Ariz. June 6, 2024) (quoting *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023)). Rather, "the first prong may be satisfied by

purposeful availment, by purposeful direction, or by some combination thereof." *Davis*, 71 F.4th at 1162 (cleaned up).

Plaintiff has not shown that Holdings purposefully availed itself of the privilege of doing business in Arizona or purposefully directed its activities at Arizona. Similar to the complaint, Plaintiff makes no distinction between Holdings and TIMI in her response brief, referring to them collectively as "Taurus." *See* Doc. 16 at 2. Plaintiff asserts that because "Taurus" cannot legally sell its products directly to consumers, it has established a network of federally-licensed distributors, such as Lipsey's Inc., an intermediary in the alleged chain of distribution. *Id.* at 10. Citing the Vorhees declaration, Plaintiff asserts that "Taurus" transferred the subject pistol to Lipsey's on January 17, 2022, and Lipsey's subsequently transferred the pistol to the Sportsman's Warehouse in Mesa, Arizona where Jaramillo purchased it. *Id.* at 5, 10 (citing Doc. 14 at 20, ¶ 13). But the Vorhees declaration does not make this assertion with respect to Holdings. It states that TIMI alone sold the pistol to Lipsey's, which is located in Louisiana, and presents a firearms acquisition and disposition record reflecting the transaction. Doc. 14 at 19-20, 24.

Vorhees further declares that: (1) although owned by Holdings, TIMI is a separate, distinct, and independent corporation; (2) TIMI and Holdings maintain separate and independent boards of directors, by-laws, minutes, corporate records, financial records, and bank accounts; (3) TIMI is adequately capitalized and TIMI and Holdings do not treat the assets of one entity as the assets of the other; (4) Holdings does not direct the day-to-day operations of TIMI; (5) TIMI, not Holdings, imports, manufactures, and assembles Taurus branded firearms, including GX4 pistols, and sells the firearms from Georgia to federally-licensed distributors; and (6) the limited warranties covering Taurus branded firearms are offered and honored by TIMI. *Id.* at 19-21; *see also* Taurus, *Company*, https://www.taurususa.com/company/about-us ("TIMI[] manufactures some models of Taurus brand firearms in the US, and imports the remainder from Taurus Armas. TIMI handles servicing for all Taurus branded firearms in the US either imported or manufactured by TIMI.") (last visited June 26, 2024). Other than noting that Vorhees

is the CEO of both Holdings and TIMI (Doc. 16 at 6), Plaintiff does not address his declaration or present any controverting evidence.  *See* Doc. 19 at 2, 4.

Plaintiff states that she "has simply alleged that [the Taurus Defendants] act together to sell firearms[,]" and  "[t]aking the allegations in the Complaint as true, which we must, the contacts of each defendant with this forum are therefore the same." Doc. 16 at 6.  But in this Circuit only "*uncontroverted* allegations in the complaint must be taken as true" for purposes of personal jurisdiction.  *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023) (emphasis added).  The Court "cannot assume the truth of allegations in a pleading which are contradicted by affidavit."  *LNS Enters.*, 22 F.4th at 858 (citation omitted).  Holdings has presented an uncontroverted declaration showing that Holdings and TIMI do not act together to sell firearms.  Docs. 14 at 19-20, 19 at 2.

Plaintiff notes that the Taurus website shows certain connections between Holdings and TIMI: (1) TIMI and Holdings have the same address; (2) the website content is copyrighted by TIMI but the website is maintained by Holdings; (3) notice of copyright infringement claims are to be sent to Holdings; (4) TIMI and Holdings are insureds on insurance policies covering claims in this case; and (5) Holdings owns some of the most robust firearm brands, including TIMI.  Doc. 16 at 6-7.  But Plaintiff does not explain how these connections show that the "Taurus Defendants share the same Arizona contacts" or that Holdings "purposefully availed [itself] of the privilege of doing business in Arizona and purposefully directed [its] activities at Arizona." *Id.* at 5, 10.[3]

What is more, the first prong of specific jurisdiction "requires 'something more' than the mere placement of a product into a stream of commerce" – even if the defendant is aware that the stream will sweep the product into the forum state.  *LNS Enters.*, 22 F.4th at 860 (citations omitted). The "something more" may include "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the

---

[3] Plaintiff presents a declaration from Jaramillo, but it merely confirms that he purchased the pistol from Sportsman's Warehouse in Mesa, Arizona.  Doc. 16-1 at 2.

product through a distributor who has agreed to serve as the sales agent in the forum State."  *Id.* at 861 (quoting *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 111 (1987)).  Plaintiff presents no evidence of the "something more" required to show that Holdings expressly aimed activities at Arizona.

Plaintiff asserts that Lipsey's has essentially agreed to serve as the "agent" for "Taurus" so that its products can be marketed and sold in Arizona (Doc. 16 at 12), but presents no supporting evidence.  And contrary to Plaintiff's assertion (*id.* at 10), Lipsey's does not sell products to consumers in Arizona.  Instead, Lipsey's sells products to retail dealers, such as Sportsman's Warehouse.  *See id.* at 4-5; Lipsey's, *Home Page*, https://www.lipseys.com/ (advertising itself as the "Nation's Leading Wholesale Firearms Distributor selling to any Federally Licensed Dealer"); Taurus, *Terms & Conditions*, https://www.taurususa.com/terms-conditions ("Taurus does not sell firearms to individuals or even to federally licensed individuals or retail dealers.  Rather, we sell firearms directly to a small number of independent, federally licensed wholesale firearm distributors, who in turn sell firearms to federally licensed retail dealers, who in turn sell their firearms to legally authorized retail purchasers[.]) (last visited June 26, 2024).[4]

Plaintiff's reliance on *Herbal Brands* is misplaced.  *See* Doc. 16 at 7-13.  That case held that "the sales of physical products into a forum via an interactive website can be sufficient to establish that a defendant expressly aimed its conduct at the forum" where the defendant "exercise[d] some level of control over the ultimate distribution of its products beyond simply placing its products into the stream of commerce."  72 F.4th at 1094.  The allegations in *Herbal Brands* met this standard because the defendants "used their Amazon storefronts – their means of conducting regular business –to make product sales to Arizona residents."  *Id.*  Holdings has presented uncontroverted evidence that it does not make, buy, sell, or market firearms.  *See* Docs. 14 at 19-20, 19 at 5-6.

---

[4] Plaintiff references Lipsey's website, which states that it partners with major manufacturers to provide products to dealers (Doc. 16 at 12), but this does not show that Lipsey's serves as Holdings or TIMI's sales agent in Arizona.

**b.      Arising Out Of or Relating to Forum-Related Activities.**

The Supreme Court has made clear that "mere injury to a forum resident is not a sufficient connection to the forum."  *Walden v. Fiore*, 571 U.S. 277, 290 (2014). "Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."  *Id.* at 285; *see Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 506 (9th Cir. 2023) ("*Ford* makes clear that 'relate to' 'does not mean anything goes.' . . . .  *Ford* suggest[s] that relatedness requires a close connection between [forum] contacts and injury.") (quoting *Ford*, 592 U.S. at 362); *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991) (explaining that the "but for" test for arising out of forum-related activities "preserves the requirement that there be some nexus between the cause of action and the defendant's activities in the forum").

Plaintiff asserts that the negligence and strict liability claims regarding the defective GX4 pistol "relate directly to the design, manufacturing, marketing, and sale of the Taurus Defendants' products to Arizona residents."  Doc. 16 at 13.  But Plaintiff presents no evidence that Holdings designed or manufactured the pistol, or that it markets and sells the pistol to Arizona residents.  The undisputed evidence shows that TIMI sold the subject GX4 pistol to Lipsey's, a Louisiana distributor.  Docs. 14 at 20, 16 at 4-5; *see Yamashita*, 62 F.4th at 506 ("*Ford* found [relatedness] because Ford sold the relevant models to consumers in the forum states, not because it shipped raw materials, or even completed cars, through those states.").  Plaintiff has not shown that the negligence and strict liability claims arise out of or relate to Holdings' contacts with Arizona.[5]

Because Plaintiff has not met her burden of satisfying the first two prongs of the specific jurisdiction test, *see Schwarzenegger*, 374 F.3d at 802, the Court will grant Holdings' motion to dismiss for lack of personal jurisdiction.  *See* Doc. 14 at 4-13.

---

[5] Holdings argues that Plaintiff cannot show that TIMI's jurisdictional contacts with Arizona should be imputed to Holdings.  Doc. 14 at 8-13.  Plaintiff does not address this argument in her response.  *See* Doc. 19 at 6.

1    Given this ruling, the vicarious liability claims asserted against Holdings (counts eight,

2    nine, and ten) will be dismissed.[6]

3                    **4.      Plaintiff's Request for Jurisdictional Discovery.**

4         Plaintiff requests leave to conduct jurisdictional discovery.  Doc. 16 at 17.  The

5    Court "may grant jurisdictional discovery if the request is based on more than a 'hunch

6    that it might yield jurisdictionally relevant facts.'"  *Gamez v. Huffy Corp. Inc.*, No. CV-

7    21-00414-TUC-JCH, 2024 WL 98423, at *8 (D. Ariz. Jan. 9, 2024) (quoting *Boschetto v.*

8    *Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).  "But the Court need not permit even

9    limited discovery where the claim of jurisdiction 'appears to be both attenuated and based

10   on bare allegations in the face of specific denials."  *Id.* (quoting *Pebble Beach*, 453 F.3d

11   at 1160).

12        Plaintiff seeks jurisdictional discovery to "ascertain how the Taurus entities

13   interact and overlap" and to "discern where one entity begins and the other ends."

14   Doc. 16 at 6, 16.  Plaintiff's request is general in nature and appears to be based on a

15   mere belief that Holdings has substantial contacts with Arizona.  Given the analysis in the

16   immediately preceding sections of this order, the Court concludes that Plaintiff's request

17   amounts to a mere "hunch that [discovery] might yield jurisdictionally relevant facts."

18   *Boschetto*, 539 F.3d at 1020; *see LNS Enters.*, 22 F.4th at 865 (affirming the denial of a

19   request for jurisdictional discovery where the defendants "had already specifically

20   rebutted [the plaintiffs'] unsupported jurisdictional allegations and arguments" and the

21   plaintiffs sought discovery "without providing any affidavit or evidence substantiating

22   their requests or describing with any precision how such discovery could be helpful to the

23   Court").

24        Plaintiff also seeks jurisdictional discovery to ascertain "the exact number of

25   warranty repair claims in [Arizona]."  Doc. 16 at 11.  But the number of warranty claims

26

27   _____

28        [6] Holding's alternative motion to dismiss for failure to state a claim for relief
     (Doc. 14 at 13-15) will be denied as moot.

                                                    16

has nothing to do with Holdings because "[t]he limited warranties covering Taurus-branded firearms are offered by and honored by TIMI." Doc. 14 at 21, ¶ 21.

Plaintiff's request for jurisdictional discovery is denied.

**5.      Plaintiff's Request for Leave to Amend the Complaint.**

Plaintiff requests an opportunity to amend her complaint for any claim that has not been pled sufficiently. Doc. 16 at 17. As discussed, Plaintiff consents to the dismissal of the breach of warranty claims (counts two and three), and the vicarious liability claims against Holdings (counts eight, nine, and ten) will be dismissed given the Court's lack of personal jurisdiction over Holdings. If Plaintiff has a good faith belief that she can cure the deficiencies in the negligent misrepresentation claim against TIMI (count seven), she may file a motion for leave to amend the complaint pursuant to Rule 15(a)(2) and Local Rule 15.1(a).

**IT IS ORDERED:**

1.      Defendant Taurus International Manufacturing, Inc.'s motion to dismiss for failure to state a claim for relief (Doc. 12) is **granted in part** and **denied in part**. The motion is granted with respect to the breach of warranty claims in counts two and three, the negligent misrepresentation claim in count seven, and the unnumbered count for "combining and concurring conduct." Doc. 1 ¶¶ 27-35, 56-61, 80. The motion is denied in all other respects.

2.      Plaintiff may file a motion for leave to amend the complaint with respect to count seven by **July 12, 2024**.

3.      Defendant Taurus Holdings, Inc.'s motion to dismiss for lack of personal jurisdiction (Doc. 14 at 4-13) is **granted** and its alternative motion to dismiss for failure to state a claim for relief (Doc. 14 at 13-15) is **denied** as moot.

4.      Plaintiff's request for jurisdictional discovery is **denied**.

5.      The Court will set a case management conference by separate order.

Dated this 27th day of June, 2024.

David G. Campbell
Senior United States District Judge

17