Amanda E. Heitz (SBN 026519)
Sarah A. Brunswick (SBN 038432)
**BOWMAN AND BROOKE LLP**
2929 N. Central Avenue, Suite 1900
Phoenix, Arizona 85012
Tel: (602) 643-2300
Fax: (602) 248-0947
amanda.heitz@bowmanandbrooke.com
sarah.brunswick@bowmanandbrooke.com

John F. Weeks IV (*Admitted Pro Hac Vice*)
Steven A. Vickery (*Admitted Pro Hac Vice*)
**SMITH, GAMBRELL & RUSSELL, LLP**
1105 West Peachtree Street NE, Suite 1000
Atlanta, Georgia 30309
Tel: (404) 815-3500
Fax: (404) 815-3509
jweeks@sgrlaw.com
svickery@sgrlaw.com

*Attorneys for Defendant*
*Taurus International Manufacturing, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jeni Hurrle, as Guardian of and next kin of L.H., a minor, and Jeni Hurrle, as Special Administrator of the Estate of Valarie "Elise" Hurrle, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Taurus International Manufacturing, Inc., and Taurus Holdings, Inc.,<br><br>Defendants. | Case No.: 2:23-cv-02372-DGC<br><br>**TAURUS INTERNATIONAL MANUFACTURING, INC.'S ANSWER AND DEFENSES TO THE COMPLAINT** |

Defendant Taurus International Manufacturing, Inc. ("TIMI") hereby responds to the Complaint (ECF No. 1) and admits, denies, and alleges as follows:

TIMI denies each and every allegation in the Complaint except for those allegations that are specifically admitted, qualified, or otherwise answered.

1. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 1 and those allegations, therefore, stand denied.

2. TIMI admits that Taurus Holdings, Inc. ("Holdings") owns all of TIMI's shares. TIMI admits it is a Georgia corporation and conducts business in Bainbridge, Georgia. TIMI admits Holdings is a Georgia corporation and conducts business in Bainbridge, Georgia. All other allegations in paragraph 2 are denied.

3. TIMI admits that TIMI and Holdings may, in certain circumstances, both employ certain individuals. TIMI admits that TIMI and Holdings are insureds or additional insureds under certain contracts of insurance. Any and all other allegations in paragraph 3 are denied, and TIMI specifically denies any and all wrongdoing.

4. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 4 and those allegations, therefore, stand denied.

5. Denied.

6. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 6 and those allegations, therefore, stand denied.

7. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 7 and those allegations, therefore, stand denied.

8. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 8 and those allegations, therefore, stand denied.

9. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 9 and those allegations, therefore, stand denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 14 and those allegations, therefore, stand denied.

15. TIMI admits that Taurus Armas, S.A. produces firearms in Brazil. TIMI further admits that it has in the past offered an "Unlimited Lifetime Repair Policy," and that a Limited Lifetime Warranty was provided with the subject pistol. Any and all other allegations in paragraph 15 are denied, and TIMI specifically denies any and all wrongdoing.

16. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 16 and those allegations, therefore, stand denied.

17. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 17 and those allegations, therefore, stand denied.

18. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 18 and those allegations, therefore, stand denied.

19. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 19 and those allegations, therefore, stand denied.

20. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 20 and those allegations, therefore, stand denied.

## COUNT ONE

## NEGLIGENCE

21. Paragraph 21 does not assert an allegation against TIMI, and therefore, pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), no response is required. Furthermore, the allegations contained in paragraph 21 are legal conclusions which do not require a response from TIMI. To the extent a response is required, however, such allegations are denied.

22. Paragraph 22 does not assert an allegation against TIMI, and therefore, pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), no response is required. Furthermore, the allegations contained in paragraph 22 are legal conclusions which do not require a response from TIMI. To the extent a response is required, however, such allegations are denied.

23. Denied.
24. Denied.
25. Denied.
26. Denied.

**COUNT TWO**

**BREACH OF EXPRESS WARRANTY**

27. The allegations in paragraph 27 of the Complaint are asserted in support of Count Two, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. No response is required for the additional reason that the allegations in paragraph 27 of the Complaint assert legal arguments and conclusions. Further, paragraph 27 does not assert an allegation against TIMI, and therefore, pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 27.

28. The allegations in paragraph 28 of the Complaint are asserted in support of Count Two, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 28.

29. The allegations in paragraph 29 of the Complaint are asserted in support of Count Two, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 29.

30. The allegations in paragraph 30 of the Complaint are asserted in support of Count Two, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. No response is required for the additional reason that the allegations in paragraph 30 of the Complaint assert legal arguments and conclusions. To the extent a response is required, however, TIMI denies the allegations in paragraph 30.

31. The allegations in paragraph 31 of the Complaint are asserted in support of Count Two, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. No response is required for the additional reason that the allegations in paragraph 31 of the Complaint assert legal arguments and conclusions. To the extent, however, a response is required, such allegations are denied.

|   |   |
|---|---|
| 1 | **COUNT THREE** |
| 2 | **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY** |

32. The allegations in paragraph 32 of the Complaint are asserted in support of Count Three, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. No response is required for the additional reason that the allegations in paragraph 32 of the complaint assert legal arguments and conclusions. Further, paragraph 32 does not assert an allegation against TIMI, and therefore, pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 32.

33. The allegations in paragraph 33 of the Complaint are asserted in support of Count Three, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 33.

34. The allegations in paragraph 34 of the Complaint are asserted in support of Count Three, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 34.

35. The allegations in paragraph 35 of the Complaint are asserted in support of Count Three, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. No response is required for the additional reason that the allegations in paragraph 35 of the Complaint assert legal arguments and conclusions. Further, paragraph 35 does not assert an allegation against TIMI, and therefore, pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 35.

## COUNT FOUR

## STRICT LIABILITY – MANUFACTURING DEFECT

36. The allegations contained in paragraph 36 are legal conclusions which do not require a response from TIMI. To the extent a response is required, however, such allegations are denied.

37. The allegations contained in paragraph 37 are legal conclusions which do not require a response from TIMI. To the extent a response is required, however, such allegations are denied.

38. The allegations contained in paragraph 38 are legal conclusions which do not require a response from TIMI. To the extent a response is required, however, such allegations are denied.

39. The allegations contained in paragraph 39 are legal conclusions which do not require a response from TIMI. To the extent a response is required, however, such allegations are denied.

40. TIMI is without knowledge or information sufficient to either admit or deny the allegations in paragraph 40 and those allegations, therefore, stand denied.

41. Denied.

42. Denied.

## COUNT FIVE

## STRICT LIABILITY – DESIGN DEFECT

43. The allegations contained in paragraph 43 are legal conclusions which do not require a response from TIMI. To the extent a response is required, however, such allegations are denied. TIMI denies any remaining allegations in paragraph 43.

44. Paragraph 44 does not assert an allegation against TIMI, and therefore, pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), no response is required. Furthermore, the allegations contained in paragraph 44 are legal conclusions which do not require a response from TIMI. To the extent a response is required, however, such allegations are denied.

45. Paragraph 45 does not assert an allegation against TIMI, and therefore, pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), no response is required. Furthermore, the allegations contained in paragraph 45 are legal conclusions which do not require a response from TIMI. To the extent a response is required, however, such allegations are denied.

46. Paragraph 46 does not assert an allegation against TIMI, and therefore, pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), no response is required. Furthermore, the allegations contained in paragraph 46 are legal conclusions which do not require a response from TIMI. To the extent a response is required, however, such allegations are denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT SIX

## STRICT LIABILITY – FAILURE TO WARN

50. Paragraph 50 does not assert an allegation against TIMI, and therefore, pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), no response is required. Furthermore, the allegations contained in paragraph 50 are legal conclusions which do not require a response from TIMI. To the extent a response is required, however, such allegations are denied.

51. Paragraph 51 does not assert an allegation against TIMI, and therefore, pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), no response is required. Furthermore, the allegations contained in paragraph 51 are legal conclusions which do not require a response from TIMI. To the extent a response is required, however, such allegations are denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

**COUNT SEVEN**

**NEGLIGENT MISREPRESENTATION**

56. The allegations in paragraph 56 of the Complaint are asserted in support of Count Seven, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 56.

57. The allegations in paragraph 57 of the Complaint are asserted in support of Count Seven, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 57.

58. The allegations in paragraph 58 of the Complaint are asserted in support of Count Seven, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 58.

59. The allegations in paragraph 59 of the Complaint are asserted in support of Count Seven, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 59.

60. The allegations in paragraph 60 of the Complaint are asserted in support of Count Seven, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 60.

61. The allegations in paragraph 61 of the Complaint are asserted in support of Count Seven, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 61.

## COUNT EIGHT

## VICARIOUS LIABILITY (ACTUAL AGENCY)

62. The allegations in paragraph 62 of the Complaint are asserted in support of Count Eight. The Court's Order entered on June 28, 2024 dismissed Count Eight upon dismissing Holdings as a Defendant, so no response to paragraph 62 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 62.

63. The allegations in paragraph 63 of the Complaint are asserted in support of Count Eight. The Court's Order entered on June 28, 2024 dismissed Count Eight upon dismissing Holdings as a Defendant, so no response to paragraph 63 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 63.

64. The allegations in paragraph 64 of the Complaint are asserted in support of Count Eight. The Court's Order entered on June 28, 2024 dismissed Count Eight upon dismissing Holdings as a Defendant, so no response to paragraph 64 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 64.

65. The allegations in paragraph 65 of the Complaint are asserted in support of Count Eight. The Court's Order entered on June 28, 2024 dismissed Count Eight upon dismissing Holdings as a Defendant, so no response to paragraph 65 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 65.

66. The allegations in paragraph 65 of the Complaint are asserted in support of Count Eight. The Court's Order entered on June 28, 2024 dismissed Count Eight upon dismissing Holdings as a Defendant, so no response to paragraph 65 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 65.

## COUNT NINE

## VICARIOUS LIABILITY (APPARENT AGENCY)

67. The allegations in paragraph 67 of the Complaint are asserted in support of Count Nine. The Court's Order entered on June 28, 2024 dismissed Count Nine upon dismissing Holdings as a Defendant, so no response to paragraph 67 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 67.

68. The allegations in paragraph 68 of the Complaint are asserted in support of Count Nine. The Court's Order entered on June 28, 2024 dismissed Count Nine upon dismissing Holdings as a Defendant, so no response to paragraph 68 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 68.

69. The allegations in paragraph 69 of the Complaint are asserted in support of Count Nine. The Court's Order entered on June 28, 2024 dismissed Count Nine upon dismissing Holdings as a Defendant, so no response to paragraph 69 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 69.

70. The allegations in paragraph 70 of the Complaint are asserted in support of Count Nine. The Court's Order entered on June 28, 2024 dismissed Count Nine upon dismissing Holdings as a Defendant, so no response to paragraph 70 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 70.

71. The allegations in paragraph 71 of the Complaint are asserted in support of Count Nine. The Court's Order entered on June 28, 2024 dismissed Count Nine upon dismissing Holdings as a Defendant, so no response to paragraph 71 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 71.

72. The allegations in paragraph 72 of the Complaint are asserted in support of Count Nine. The Court's Order entered on June 28, 2024 dismissed Count Nine upon dismissing Holdings as a Defendant, so no response to paragraph 72 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 72.

73. The allegations in paragraph 73 of the Complaint are asserted in support of Count Nine. The Court's Order entered on June 28, 2024 dismissed Count Nine upon dismissing Holdings as a Defendant, so no response to paragraph 73 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 73.

74. The allegations in paragraph 74 of the Complaint are asserted in support of Count Nine. The Court's Order entered on June 28, 2024 dismissed Count Nine upon dismissing Holdings as a Defendant, so no response to paragraph 74 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 74.

## COUNT TEN

## VICARIOUS LIABILITY (JOINT VENTURE)

75. The allegations in paragraph 75 of the Complaint are asserted in support of Count Ten. The Court's Order entered on June 28, 2024 dismissed Count Ten upon dismissing Holdings as a Defendant, so no response to paragraph 75 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 75.

76. The allegations in paragraph 76 of the Complaint are asserted in support of Count Ten. The Court's Order entered on June 28, 2024 dismissed Count Ten upon dismissing Holdings as a Defendant, so no response to paragraph 76 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 76.

77. The allegations in paragraph 77 of the Complaint are asserted in support of Count Ten. The Court's Order entered on June 28, 2024 dismissed Count Ten upon dismissing Holdings as a Defendant, so no response to paragraph 77 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 77.

78. The allegations in paragraph 78 of the Complaint are asserted in support of Count Ten. The Court's Order entered on June 28, 2024 dismissed Count Ten upon dismissing Holdings as a Defendant, so no response to paragraph 78 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 78.

79. The allegations in paragraph 79 of the Complaint are asserted in support of Count Ten. The Court's Order entered on June 28, 2024 dismissed Count Ten upon dismissing Holdings as a Defendant, so no response to paragraph 79 is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 79.

## COMBINING AND CONCURRING CONDUCT

80. The allegations in paragraph 80 of the Complaint are asserted in support of the unnumbered, apparently separate count for Combining and Concurring Conduct, which has since been dismissed by the Court's Order entered on June 28, 2024, and therefore, no response is required. To the extent a response is required, however, TIMI denies the allegations in paragraph 80.

81. Any allegation, averment, paragraph, statement, sentence, phrase, matter, or thing not expressly admitted herein, including any *ad damnum* clause, is hereby denied. Further, Plaintiff's prayers for relief, including all subparts, are not allegations and therefore do not require a response from TIMI. To the extent any part of the prayer can be construed as an allegation against TIMI, TIMI denies the allegation. TIMI further denies that Plaintiff is entitled to judgment or any other requested relief in law or equity.

## **AFFIRMATIVE DEFENSES**

1. Discovery may show the Complaint is barred in whole or in part by the Protection of Lawful Commerce in Arms Act, 15 U.S.C. §§ 7901, *et seq.*, and/or A.R.S. § 12-721, and due to the illegal, criminal, or unlawful misuse of the subject pistol.

2. The Complaint fails to state a cause of action and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. The design of the subject model pistol, as well as its warnings, instructions, inspecting, testing, and manufacturing, were in conformity with the generally recognized state of scientific and technological knowledge (i.e. state of the art) at the time such designs, warnings, and instructions were issued. *See* A.R.S. § 12-683(1).

4. Discovery may show Plaintiff's recovery is barred or should be reduced and/or apportioned by the doctrines of comparative negligence and contributory negligence. Any liability assessed against TIMI in this case (which TIMI expressly denies), must be reduced by the comparative fault of other persons at fault, including responsible non-parties, pursuant to A.R.S. § 12-2501 *et seq*.

5. Discovery may show all or part of Plaintiff's claims are barred by A.R.S. § 12-711.

6. Discovery may show all or part of Plaintiff's claims are barred by A.R.S. § 12-712.

7. The subject pistol fully complied with all applicable government laws, regulations, and specifications and all applicable industrial standards at the time it left TIMI's hands.

8. Discovery may show the Complaint is barred in whole or in part by doctrine of assumption of the risk.

9. Any and all damages alleged by Plaintiff were not proximately caused by any acts or omissions of TIMI. Discovery may show the damages alleged by Plaintiff were directly or proximately caused and contributed to by actions of persons other than TIMI, over whom TIMI has no control or authority.

10. Discovery may show the Complaint is barred in whole or in part by misuse of the subject pistol.

11. Discovery may show the failure to exercise reasonable care under the circumstances in the alleged use, handling, storage, or maintenance of the subject pistol was the proximate and factual cause of any occurrence that caused the alleged damages and acts as a bar, in whole or in part, to any claim for damages against TIMI.

12. The instructions and warnings provided with the subject pistol were adequate in their content and informed ordinary users of the proper way to use the subject pistol. Notwithstanding these instructions and warnings, the subject pistol, upon information and belief, was used in a manner for which it was not intended, tested, or designed to be used and contrary to express and adequate instructions and warnings, and this misuse or failure to heed warnings and follow instructions was a proximate cause of the injuries alleged in the Complaint. *See* A.R.S. § 12-683(3).

13. Adequate warnings and instructions were devised to communicate with the person or persons best able to take precautions against the potential harm, if any.

14. TIMI was discharged of any duty to warn by TIMI providing warnings to anticipated users of the subject pistol that were adequate in light of those users' knowledge of the product.

15. To the extent TIMI properly disclaimed implied warranties and express warranties, TIMI pleads such disclaimers in defense to the claims in this action.

16. Discovery may show any liability of TIMI, which TIMI denies, is cut off by the operation of an intervening and/or supervening cause or causes.

17. TIMI specifically incorporates herein by reference all statutory defenses, including defenses arising under the U.C.C.

18. TIMI denies it sold the subject pistol to any party in the instant case.

19. TIMI denies the subject pistol's benefit/utility was outweighed by any risk of use.

20. TIMI denies that the risks attendant with the reasonable, foreseeable, and expected use of the subject pistol exceed the expectations of a reasonable buyer.

21. Plaintiff's action should be barred or limited to the extent any evidence has been altered, spoiled, damaged, destroyed, or lost, which has thereby damaged or limited the ability of TIMI to defend this case.

22. Arizona's judicially created definitions of manufacturing and design defect are unconstitutional in that, among other things, they are void for vagueness.

23. There is a lack of joinder of one or more indispensable parties who should and must be joined and, without joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

24. TIMI reserves the right to assert additional affirmative defenses, including any of the affirmative defenses set forth in A.R.S. § 12-683, and/or add potentially responsible parties.

## JURY DEMAND

TIMI demands a trial by jury on all issues permitted to be so tried.

Respectfully submitted, this 11th day of July, 2024.

By: */s/John F. Weeks IV*
Amanda E. Heitz
Sarah A. Brunswick
BOWMAN AND BROOKE LLP
2929 N. Central Avenue, Suite 1900
Phoenix, Arizona 85012

John F. Weeks IV (*Admitted Pro Hac Vice*)
Steven A. Vickery (*Admitted Pro Hac Vice*)
SMITH, GAMBRELL & RUSSELL, LLP
1105 West Peachtree Street NE, Suite 1000
Atlanta, Georgia 30309
*Attorneys for Defendant Taurus International Manufacturing, Inc.*